# UNITED STATES COURT OF APPEALS
## FIRST CIRCUIT

## APPLICATION FOR LEAVE TO FILE A SECOND OR SUCCESSIVE MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE 28 U.S.C. § 2255 BY A PRISONER IN FEDERAL CUSTODY

| Name | Prisoner Number |
| --- | --- |
| JOSE DIAZ | 04772-070 |

Place of Confinement: F.P.S. P.O. box 34550 MEMPHIS, TN 38184-0550

### INSTRUCTIONS--READ CAREFULLY

(1) This application must be legibly handwritten or typewritten and signed by the applicant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury.

(2) All questions must be answered concisely in the proper space on the form.

(3) The Judicial Conference of the United States has adopted the 8½ x 11 inch paper size for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings must be on 8½ x 11 inch paper, otherwise we cannot accept them.

(4) All applicants seeking leave to file a second or successive petition are required to use this form, except in capital cases. In capital cases only, the use of this form is optional.

(5) Additional pages are not permitted except with respect to additional grounds for relief and facts which you rely upon to support those grounds. Do not submit separate petitions, motions, briefs, arguments, etc., except in capital cases.

(6) In accordance with the "Antiterrorism and Effective Death Penalty Act of 1996," as codified at 28 U.S.C. § 2255, effective April 24, 1996, before leave to file a second or successive motion can be granted by the United States Court of Appeals, it is the applicant's burden to make a prima facie showing that he satisfies either of the two conditions stated below.

> A second or successive motion must be certified as provided in [28 U.S.C.] section 2255 by a panel of the appropriate court of appeals to contain—
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

(7) When this application is fully completed, the original and three copies must be mailed to:

**Clerk of Court**
**United States Court of Appeals**

## APPLICATION

1. (a) State and division of the United States District Court which entered the judgment of conviction under attack District of Rhode Island

   (b) Case number 1:99 CR 00091-1L (RRL)

2. Date of judgment of conviction 5-17-2000

3. Length of sentence 346 Months Sentencing Judge Ronald R. Lagueux

4. Nature of offense or offenses for which you were convicted: 18 U.S.C.371 & 2113 (a) 18 U.S.C. 2113(a) & 2113(d), 924(c), 922(g)(1) Bank Robbery (Armed) Conspiracy to commit Armed Bank Robbery, Aiding & Abetting in the commission, Use & Carrying Firearm, Felon in Possession.

5. Related to this conviction and sentence, have you ever filed a motion to vacate in any federal court?
   Yes (X) No ( ) If "yes", how many times? one (1) (if more than one, complete 6 and 7 below as necessary)
   (a) Name of court District of Rhode Island
   (b) Case number 1:99 CR 00091-1L (RRL)
   (c) Nature of proceeding 28 U.S.C. 2255
   (d) Grounds raised (list all grounds; use extra pages if necessary)
   (e) Did you receive an evidentiary hearing on your motion? Yes ( ) No (x)
   (f) Result Denied
   (g) Date of result

6. As to any second federal motion, give the same information:
   (a) Name of court NA
   (b) Case number NA
   (c) Nature of proceeding NA

(d) Grounds raised (list all grounds; use extra pages if necessary) NA

(e) Did you receive an evidentiary hearing on your motion? Yes ( ) No (x)

(f) Result NA

(g) Date of result NA

7. As to any third federal motion, give the same information:

(a) Name of court NA

(b) Case number NA

(c) Nature of proceeding NA

(d) Grounds raised (list all grounds; use extra pages if necessary) NA

(e) Did you receive an evidentiary hearing on your motion? Yes ( ) No (X)

(f) Result NA

(g) Date of result NA

8. Did you appeal the result of any action taken on your federal motion? (Use extra pages to reflect additional petitions if necessary)

| | | | |
|---|---|---|---|
| (1) First motion | No (x) | Yes ( ) Appeal No. | NA |
| (2) Second motion | No (X) | Yes ( ) Appeal No. | NA |
| (3) Third motion | No (x) | Yes ( ) Appeal No. | NA |

9. If you did not appeal from the adverse action on any motion, explain briefly why you did not: New Law Rule from Supreme Court was not available at the time of Sentencing.

10. State concisely every ground on which you now claim that you are being held unlawfully. Summarize briefly the facts supporting each ground.

A. Ground one: ENHANCEMENTS

Supporting FACTS (tell your story briefly without citing cases or law):
VIOLATED SIXTH AMENDMENT IN MULTIPLE COUNTS
DOUBLE JEOPARDY CLAUSE

Was this claim raised in a prior motion? Yes ( ) No (X)

Does this claim rely on a "new rule of law?" Yes (x) No ( )
If "yes," state the new rule of law (give case name and citation):
Blakely vs. Washington 124 S.Ct. 2531 (2004)

Does this claim rely on "newly discovered evidence?" Yes (x) No ( )
If "yes," briefly state the newly discovered evidence, and why it was not previously available to you Simpson vs. U.S. 435 U.S. 6. 55 L.Ed. 2d 70; 98 S.Ct. 909 and Blackely Supra was not available at Sentencing to the Petitioner.

B. Ground two: MULTIPLE JEOPARDY

Supporting FACTS (tell your story briefly without citing cases or law):
Prior Convictions: Ex Post-Facto: Ninth Amendment
(Gun Bump Law).

Was this claim raised in a prior motion? Yes ( ) No (x)

Does this claim rely on a "new rule of law?" Yes (X) No ( )
If "yes," state the new rule of law (give case name and citation): Blockbuger Test 1932 / U.S. vs. Booker 2005 U.S. Lexis 628 (Jan 12, 2005 7th Cir)

Does this claim rely on "newly discovered evidence?" Yes (x) No ( )
If "yes," briefly state the newly discovered evidence, and why it was not previously available to you Old Law Guidelines vs. New Law Guidelines. Guidelines were unconstitutional as found in Apprendi vs. N.J. 530 U.S. 466 (2000)

**[Additional grounds may be asserted on additional pages if necessary]**

SEE 3742(a)(1)-(4) Motion Attached

11. Do you have any motion or appeal now pending in any court as to the judgment now under attack? Yes ( ) No (X)
If "yes," name of court NA Case number NA

Wherefore, applicant prays that the United States Court of Appeals for the First Circuit grant an Order Authorizing the District Court to Consider Applicant's Second or Successive Motion to Vacate under 28 U.S.C. § 2255.

Jose A Diaz
Applicant's Signature

I declare under Penalty of Perjury that my answers to all the questions in this Application are true and correct.

Executed on 6-9-2005
[date]

Jose A Diaz
Applicant's Signature

## PROOF OF SERVICE

Applicant must send a copy of this application and all attachments to the United States Attorney's office in the district in which you were convicted.

I certify that on 6-9-2005 [date], I mailed a copy of this Application* and all attachments to Clerk of District Court / Disrict of Rhode Island at the following address:

One Exchange Terrace
Providence, RI 02903

Applicant's Signature

* Pursuant to Fed.R.App.P. 25(a), "Papers filed by an inmate confined in an institution are timely filed if deposited in the institution's internal mail system on or before the last day of filing. Timely filing of papers by an inmate confined in an institution may be shown by a notarized statement or declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid."

UNITED STATES DISTRICT COURT

FOR THE FIRST CIRCUIT DISTRICT OF RHODE ISLAND

---

| | | |
|---|---|---|
| JOSE A. DIAZ,<br>Petitioner, | ) | |
| vs. | ) | CASE NO. 1:99 CR 00091-1L (RRL) |
| | ) | DOCKET NO. ________________ |
| UNITED STATES OF AMERICA,<br>Repondant. | ) | FACIAL SHEET BRIEF<br>(JURISDICTIONAL MEMORANDUM)<br>Extention to 28 U.S.C. 2255<br>Successive. |

---

"JURISDICTIONAL BRIEF AND MEMORANDUM"

Petitioner in the above caption comes before this Court, pursuant to a Facial Sheet Brief, under "Jurisdictional Memorandum", to 28 U.S.C. §2255 Successive, to show this Honorable Court, as to why this must not be heard as a 28 U.S.C. §2255 and why this must be heard as a Successive 28 U.S.C. §2255.

Petitioner has filed a previous 28 U.S.C. §2255, and to not confuse the Court. The Petitioner comes under New Rule that was not available to him at his sentencing. However, was available to the Petitioner's defense counsel, yet was not used. If the information would have been available, it may have swayed the Judge and/or jury to rule not guilty, as a verdict for a conviction.

Petitioner feels that this Note to the Court should be noted-Brief Granted, to pursue 28 U.S.C. §2255 Successive.

Respectfully Submitted,

On this 9 day of JUNE, 2005.

By: Jose A Diaz

José A. Diaz
Petitioner
Reg. No. 04772-070

CA05-256L

UNITED STATES DISTRICT COURT

FOR THE FIRST CIRCUIT DISTRICT [redacted] RHODE ISLAND

[redacted] 05 256 L

---

| | | |
|---|---|---|
| JOSE A. DIAZ,<br>Petitioner, | ) | |
| vs. | ) | CASE NO. 1:99 CR 00091-1L (RRL) |
| | ) | DOCKET NO. ______________ |
| UNITED STATES OF AMERICA,<br>Repondant. | ) | FACIAL SHEET BRIEF<br>(JURISDICTIONAL MEMORANDUM)<br>Extention to 28 U.S.C. 2255<br>Successive. |

---

BRIEF JURISDICTION SUPPLEMENT

NOW COMES the Petitioner in the above caption, under Jurisdiction Supplement Brief, pursuant to Crawford vs. Washington, 158 L.Ed. 2d 177 (March 8th, 2004) under Constitutional Violation Artical 4, Section 2, CL. 1 and 2, also see Artical 3 all cases start in State Court [See: Artical 1, section 9, CL 2, on 28 U.S.C. §2255 Certificate on Appeal] clearly shows that "Ohio vs. Roberts" is a device made in the year of 1980 [Ohio vs. Roberts, 448 U.S. 56, (1980)] is unconstitutional pursuant to the Constitution of the United States of America, and State Constitutions violating the Sixth Amendment Confrontation Clause and Common Law Right of presence of defendant.

Federal charge and case, in the above case number 1:99 CR 00091-1L (RRL), to be dismissed for Want of Jurisdiction over Petitioner's person. [See: Ex Parte Milligan at 71 U. S. (4 Wall) 2/30,134, 1866.] [Also see: United States vs. Mauro, at 436 U. S. 340 (1978).] [Also see: Pallazola vs. Rucker, (D.C. Mass) 621 F. Supp. 764, affd. (CA. 1 Mass) 797 F.2d. 1116, 5 FR Serv. 3d. 1030.] [Also see: McLaughlin vs. Arco Polymers, Inc., (C.A.S. Pa.) 721 F.2d. 426, IBAIER CAS 296, 114 BNA LRRM 3308] [Also see: 772 F.Supp. 85, and 749 F.Supp.102, TRANSFER TO CURE WANT OF JURISDICTION [See 57 Opinions of the Attorney General at 612, 613 (1972). Prisoners are discharged by due course of Law 2241 to 2255. No state warrant - No federal writ to take the Petitioner in case number 1:99 CR 00091-1L (RRL) from state court.

Certificate of Appealibility for 28 U. S.C. §2255 Successive from the 1st Circuit Court of Appeals to go back to Court of Competent Jurisdiction to dismiss federal case against the Petitioner in case number 1:99 CR 00091-1L (RRL) for Want of Jurisdiction over Petitioner's person and discharge, which the petitioner is not a fugitive! [See: Ex Parte Bollman, at 8 U. S. (4 Cr.) 75, 101, (1807)], [Also see: Cuyler vs. Adams, 449 U.S. 433, 66 L. Ed. 2d 641, prisoner's transferred from out of state are held entitled to pre-existing rights to challenge their transfer hearing in State Adopting Uniform Criminal Extradition Act.

A). Petitioner never had a transfer hearing in state court.

B). Petitioner never went to state court,

C). The State never filed a warrant for Petitioner,

D). The Governor never received a Federal Writ of Habeas Corpus,

E). Petitioner was unlawfully transfered into Federal Jurisdiction without the supervision of the state court,

The prisoner transferred without the supervision of the state court, it was feared, might languish.

F). Petitioner never waived his right in state court to a Federal Writ of Habeas Corpus hearing,

G). Petitioner never had a Extradition hearing,

H). Petitioner in not of unsound mind either, not a fugitive.

Respectfully Submitted,

This 9 day of JUNE, 2005.

Jose A Diaz

Jose A. Diaz ~~Pro~~-Se
Petitioner

*[352 US 328]

the bank.[7] Nor is *there anything in the reports of the House of Representatives or the Senate or the floor debates to warrant such a reading of the statute.[8]

It is a fair inference from the wording in the Act, uncontradicted by anything in the meager legislative history, that the unlawful entry provision was inserted to cover the situation where a person enters a bank for the purpose of committing a crime, but is frustrated for some reason before completing the crime. The gravamen of the offense is not in the act of entering, which satisfies the terms of the statute even if it is simply walking through an open, public door during normal business hours.[9] Rather the heart of the crime is the intent to steal. This mental element merges into the completed crime if the robbery is consummated. To go beyond this reasoning would compel us to find that Congress intended, by the 1937 amendment, to make drastic changes in authorized punishments. This we cannot do. If Congress had so intended, the result could have been accomplished easily with certainty rather than by indirection.[10]

Headnote 2

Headnote 3

*[352 US 329]

*We hold, therefore, that when Congress made either robbery or an entry for that purpose a crime it intended that the maximum punishment for robbery should remain at 20 years,[11] but that, even if the culprit should fall short of accomplishing his purpose, he could be imprisoned for 20 years for entering with the felonious intent.

Headnote 4

**While reasonable minds might differ on this conclusion, we think it is consistent with our policy of not attributing to Congress, in the enactment of criminal statutes, an intention to punish more severely than**

Headnote 5

7. Under the government view, if carried to its logical extreme, one who enters a bank and commits a robbery could be sentenced to 20 years for robbery, 10 years for larceny and 20 years for unlawful entry. The Government conceded that this was error in Heflin v United States (CA 5th Ala) 223 F2d 371 (robbery and larceny). However, it now declares that its confession of error was made by mistake and that larceny and robbery are separate offenses, cumulatively punishable.

8. HR Rep No 732, 75th Cong, 1st Sess; S Rep No 1259, 75th Cong, 1st Sess; 81 Cong Rec 2731, 4656, 5376–5377, 9331.

9. This distinguishes the unlawful entry provision in the Bank Robbery Act from a very similar provision relating to post-office offenses. 18 USC § 2115:

"Whoever *forcibly* breaks into or attempts to break into any post office, or any building used in whole or in part as a post office, with intent to commit in such post office, or building, or part thereof, so used, any larceny or other depredation, shall be fined . . . ." (Italics supplied.)

This section was held to create an offense separate from a completed post-office theft. Morgan v Devine, 237 US 632, 59 L ed 1153, 35 S Ct 712.

10. Further evidence that Congress was concerned only with proscribing additional activities and not with alteration of the scheme of penalties is revealed by the form in which the bill was cast. Introduced in the House of Representatives, the proposal merely interjected into the robbery provision clauses making larceny and entering criminal. HR 5900, 75th Cong, 1st Sess; HR Rep No 732, 75th Cong, 1st Sess. 2. All three would have made violators subject to the existing penalty clause. During the debate on the floor, Rep. Wolcott pointed to the incongruity of establishing degrees of larceny without corresponding discrimination in punishment. 81 Cong Rec 4656. The Committee on the Judiciary then amended the bill to provide for punishments related to the larceny offenses. 81 Cong Rec 5376, 5377. The Senate accepted the House version without debate. 81 Cong Rec 9331; see S Rep No 1259, 75th Cong, 1st Sess.

11. In this case, petitioner was convicted of robbery aggravated by assault with a deadly weapon and was subject to the maximum of 25 years provided in 18 USC § 2113 (d). See note 6, supra.



**the language of its laws clearly imports in the light of pertinent legislative history.**

**The judgment of the Court of Appeals is reversed and the case is remanded to the District Court for the purpose of resentencing the petitioner in accordance with this opinion.**

Reversed and remanded.

Mr. Justice **Burton** dissents for the reasons stated in the opinion of the Court of Appeals, 230 F2d 568.

Mr. Justice **Black** took no part in the consideration or decision of this case.

for the Investment Counsel Association of America, Inc., as amicus curiae urging reversal.

**Anthony P. David** and **John Bilyeu Oakley** filed a brief for Mary Sullivan et al. as amici curiae urging affirmance.

---

VINCENT R. PERRIN, Jr., Petitioner,

v

UNITED STATES

**Reported** in this volume: p 199, supra.

**Holding:** "Bribery" in violation of laws of state in which committed, within meaning of Travel Act (15 USCS § 1952), held to include "commercial bribery" of private employees prohibited by state law.

**Annotation:** p 827, infra.

**BRIEFS AND APPEARANCES OF COUNSEL**

**Leonard B. Boudin,** of New York City, argued the cause and, with **Lewis A. Kornhauser,** also of New York City, **Robert G. Haik,** of Metairie, Louisiana, **Perrin C. Butler,** of New Orleans, Louisiana, **Ira J. Kurzban,** of Miami, Florida, and **Albert J. Ahern, Jr.,** of Bailey's Crossroads, Virginia, filed briefs for petitioner:

Isolated, minimal, inconsequential, incidental and nonessential use of interstate facilities do not constitute violations of the Travel Act. U.S. v Altobella, 442 F2d 310 (7th Cir); U.S. v Isaacs, 493 F2d 1124 (7th Cir), Cert denied, 417 US 976, 41 L Ed 2d 1146, 94 S Ct 3183, 94 S Ct 3184; U.S. v Archer, 486 F2d 670 (2nd Cir); U.S. v Gooding, 473 F2d 425 (5th Cir); Rewis v United States, 401 US 808, 28 L Ed 2d 493, 91 S Ct 1056.

Where a federal criminal statute uses a common-law term of established meaning without otherwise defining it, the general practice is to give the term its common-law meaning. United States v Turley, 352 US 407, 411, 1 L Ed 2d 430, 77 S Ct 397, 56 ALR2d 1300.

**Stephen M. Shapiro** argued the cause and, with Solicitor General Wade H. McCree, Jr., Assistant Attorney General **Heymann,** and **James Roland DiFonzo,** all of the Department of Justice, Washington, D. C., filed briefs for the United States:

While the states and the federal government have enacted statutes dealing with the corruption of public officials, they have also extended the concept of bribery into areas of private conduct which appropriately fall within the ambit of the Travel Act. United States v Pomponio, 511 F2d 956–957.





**ANNOTATION**

## SUPREME COURT'S VIEWS AS TO THE "RULE OF LENITY" IN THE CONSTRUCTION OF CRIMINAL STATUTES

*by*

*Daniel A. Per-Lee, J.D.*

I. Preliminary Matters

§ 1. Introduction:
[a] Scope
[b] Related matters
§ 2. Background and summary

II. General Considerations

§ 3. Genuine statutory ambiguity as prerequisite to application of rule
§ 4. Rule as precluding harsher punishment under ambiguous sentencing statutes

III. Applicability of Rule of Lenity as to Particular Matters

A. Matters involving substantive ambit of particular statutes

§ 5. Clean Air Act
§ 6. Gun control legislation:
[a] Rule applied
[b] Rule held inapplicable
§ 7. Hobbs Act:
[a] Rule applied
[b] Rule held inapplicable
§ 8. Organized Crime Control Act
§ 9. Securities Act of 1933
§ 10. Travel Act:
[a] Rule applied
[b] Rule held inapplicable

**TOTAL CLIENT-SERVICE LIBRARY® REFERENCES**

73 Am Jur 2d, Statutes § 293

US L Ed Digest, Statutes § 188

L Ed Index to Annos, Criminal Law; Lenity, Rule of; Statutes

ALR Quick Index, Certainty and Definiteness; Criminal Law; Federal Courts; Sentence and Punishment; Statutes

Federal Quick Index, Certainty and Definiteness; Construction and Interpretation; Criminal Law; Lenity, Rule of; Sentence and Punishment, Supreme Court of the United States

**Consult POCKET PART in this volume for later case service**

legislature's purpose, the Supreme Court, in Perrin v United States (1979) 444 US 37, 62 L Ed 2d 199, 100 S Ct 311, declined to apply the rule in holding that commercial bribery of private employees prohibited by a state criminal statute constitutes "bribery" within the meaning of the Travel Act (18 USCS § 1952), which makes it a criminal offense to travel in interstate commerce with intent to commit "bribery . . . in violation of the laws of the state in which committed." Relying principally on a prior decision in which the court held that Congress had used the term "extortion" in the same statute in its generic and contemporary sense, the court concluded that there was little doubt that Congress had similarly intended the generic definition of bribery rather than a narrow common-law definition. Since this analysis did not leave the court uncertain about the statute's meaning, the rule of lenity was determined to have no application.

## B. Matters involving sentencing and punishment

### § 11. Determining "unit of prosecution" when single statute is violated

In a number of cases, the Supreme Court applied the rule of lenity to resolve doubts with respect to what Congress intended to be the "unit of prosecution" in situations where a statute or a portion thereof proscribed designated conduct and the question was whether the defendant's conduct constituted more than one violation of the proscription.

Thus, in United States v Universal C. I. T. Credit Corp. (1952) 344 US 218, 97 L Ed 260, 73 S Ct 227, a decision which, although not expressly mentioning the rule of lenity, has been subsequently characterized by the Supreme Court as having involved that principle, the court ruled that the criminal enforcement provisions of the Fair Labor Standards Act were intended to punish a "course of conduct" and thus not to permit the treatment of each breach of the statutory duty owed to a single employee during any single workweek as a separate offense. In so concluding, the court stated that when a choice has to be made between two readings of what conduct Congress has made a crime, it is appropriate, before choosing the harsher alternative, to require that Congress should have spoken in language that is clear and definite. Criminal outlawry, said the court, should not be derived from some ambiguous implication.

And, in Bell v United States (1955) 349 US 81, 99 L Ed 905, 75 S Ct 620, the Supreme Court held that an individual who transported two women in the same vehicle on a single trip was guilty of only one offense under the Mann Act (18 USCS § 2421), which makes it a criminal offense to transport in interstate commerce any woman for the purpose of prostitution. Acknowledging that Congress might have made the simultaneous transportation of more than one woman liable to cumulative punishment for each woman so transported, the court nevertheless stated that neither the language of the statute nor any controlling gloss indicated clearly that it had done so. In these circumstances, the court concluded, the ambiguity should be resolved in favor of lenity.

Applying the policy of lenity, the Supreme Court, in Ladner v United States (1958) 358 US 169, 3 L Ed 2d 199, 79 S Ct 209, held that the single discharge of a shotgun resulting in the wounding of two federal officers constituted only a single violation of a former federal criminal statute making it an offense to assault a federal officer on account of the performance of his official duties. The court explained that the statute might as easily be read to mean that the single discharge of the shotgun would constitute an "assault" without regard to the number of federal officers affected, as it might be read to mean that as many "assaults" would be committed as there were officers affected, and that neither the wording of the statute nor its legislative history pointed clearly to either meaning. In that circumstance, the court continued, a policy of lenity would be applied and the less harsh meaning adopted.





### § 12. Cumulative punishment for violation of overlapping statutes

#### [a] Rule applied

In the situation where two statutes or two portions of a single statute proscribed certain conduct, and the question was whether the defendant could be punished twice because his conduct violated both proscriptions, the Supreme Court in the following cases applied a rule of lenity to resolve doubts about whether Congress intended to provide for multiple punishment.

Accordingly, in Prince v United States (1957) 352 US 322, 1 L Ed 2d 370, 77 S Ct 403, 59 ALR2d 940, a decision which, although not expressly mentioning the rule of lenity, has been subsequently characterized by the Supreme Court as having been based on the application of that rule, the Supreme Court held that under the Federal Bank Robbery Act (18 USCS § 2113) the crime of entering a bank with intent to commit a robbery was merged with the separate crime of robbery when the latter was consummated, thereby precluding double punishment of the defendant for the two offenses. The court declared that this result was consistent with the policy of not attributing to Congress, in the enactment of criminal statutes, an intention to punish more severely than the language of its laws clearly import in the light of the pertinent legislative history.

Stating that a contrary result would violate the established rule of construction that ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity, the Supreme Court, in Simpson v United States (1978) 435 US 6, 55 L Ed 2d 70, 98 S Ct 909, ruled that in a federal prosecution growing out of a single transaction of bank robbery with firearms, a defendant sentenced under 18 USCS § 2113(d), which enhances the penalty for bank robbery committed in violation of 18 USCS § 2113(a) when a "dangerous weapon or device" is used in the crime, may not receive an additional consecutive penalty under 18 USCS § 924(c), which authorizes an enhanced penalty for use of a firearm in the commission of a federal felony. Noting that the legislative history, although sparse, was favorable to the defendant, the court concluded that if something "more than a guess" as to congressional intent were involved in the case, that something was incremental knowledge redounding to the defendant's benefit, not the government's.

And, in Whalen v United States (1980) 445 US 684, 63 L Ed 2d 715, 100 S Ct 1432, the rule of lenity was recognized by the Supreme Court as buttressing its conclusion that a criminal defendant could not be consecutively punished under the District of Columbia Code for the separate statutory offenses of rape and first-degree murder for killing a victim in the perpetration of the rape. At the outset, the court determined that the matter was controlled by a separate provision of the District of Columbia Code which the court construed to preclude imposition of multiple punishments for two offenses arising out of the same criminal transaction unless each offense requires proof of a fact which the other does not. As proof of rape was a necessary element of proof of the felony murder, the court stated that the case would come within the statutory preclusion unless Congress had evinced a contrary intent. In concluding that no such intent was evident, the court stated that to the extent it was persuaded by the government's argument that the matter was not entirely free of doubt, such doubt had to be resolved in favor of lenity.

#### [b] Rule held inapplicable

In the following cases, the Supreme Court declined to apply the rule of lenity in situations involving multiple punishment where the intent of Congress to punish the separate aspects of a single transaction was not considered to be in doubt. Thus, in Gore v United States (1958) 357 US 386, 2 L Ed 2d 1405, 78 S Ct 1280, reh den 358 US 858, 3 L Ed 2d 92, 79 S Ct 13, the Supreme Court rejected the doctrine of lenity in ruling that a defendant was properly subjected to cumulative punishments for a single sale of narcotics in violation of three separate criminal statutes (since repealed) in that the sale was "not in pursuance of a written order," the narcotics were sold "not in the original



Case 1:05-cv-00256-L Document 1 Filed 06/14/2005 Page 15 of 16

stamped package," and the defendant had "facilitated the concealment and sale." Distinguishing prior cases in which the rule of lenity had been applied, the court noted that the three penal laws for which the defendant was convicted had different origins both in time and design, all to the end of dealing more and more strictly with the traffic in narcotics, and concluded that there was no warrant for attributing to Congress an intent to punish as for a single offense when multiple infractions were committed through a single sale.

And, expressing the view that there was no ambiguity within the statute, the Supreme Court, in Callanan v United States (1961) 364 US 587, 5 L Ed 2d 312, 81 S Ct 321, reh den 365 US 825, 5 L Ed 2d 703, 81 S Ct 687, declined to apply the rule of lenity in holding that under the Hobbs Act (18 USCS § 1951)—which provides that whoever obstructs interstate commerce by extortion or conspires to do so may be imprisoned for not more than 20 years—a defendant may be separately convicted and cumulatively punished for obstructing commerce by extorting money and for conspiring to obstruct commerce by the same extortion. Noting that conspiracy and the completed crime that is its object have been historically treated as distinct crimes, the court found the case to be an ordinary one of a defendant convicted of violating two separate provisions of a statute by which Congress had defined distinctive crimes composed of differing components.

## § 13. Alternative sentencing provisions

### [a] Rule applied

The Supreme Court, in the circumstances appearing in the following cases, recognized the applicability of the rule of lenity in situations where Congress left it unclear whether one or another of two possible alternative sentences was to be applied to particular criminal conduct.

Thus, relying in part on the rule of lenity, the Supreme Court, in Busic v United States (1980, US) 64 L Ed 2d 381, 100 S Ct 1747, held that 18 USCS § 924(c), which authorizes the imposition of enhanced penalties on a defendant who uses or carries a firearm while committing a federal felony, cannot be applied to a criminal defendant who uses a firearm in the course of a felony that is proscribed by a statute which itself authorizes enhancement if a dangerous weapon is used—the sentence received by such a defendant being permissibly enhanced only under the enhancement provision in the statute defining the felony committed by that defendant. While the court based its decision largely on the result reached in Simpson v United States (1978) 435 US 6, 55 L Ed 2d 70, 98 S Ct 909, supra § 12[a], the court added that the rule of lenity helped to confirm its conclusion that Congress did not intend to make enhanced sentencing under 18 USCS § 924(c) an alternative to a statute containing its own enhancement provision.

And, invoking the rule of lenity, the Supreme Court, in Bifulco v United States (1980, US) 65 L Ed 2d 205, 100 S Ct 2247, ruled that § 406 of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 USCS § 846), which provides that anyone attempting or conspiring to commit "any offense defined in this title" be punished "by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy" (the "target offense"), does not authorize imposition of a special parole term even though that sanction is included within the penalty provision of the target offense. Noting that its analysis of the statutory language, legislative history, and congressional purpose in enacting the penalty provision revealed, at the least, a complete absence of an unambiguous legislative decision to authorize special parole terms as punishment for those convicted of drug conspiracies, the court stated that, to the extent that doubts remain about the proper interpretation, they must be resolved in accord with the rule of lenity.

### [b] Rule held inapplicable

In the following case, upon finding that Congress had clearly expressed its intent as to which of two possible alternative sentences should be applied to particular criminal conduct, the Supreme Court held that the rule of lenity could not be applied. Thus, application of the rule of lenity was rejected by the Supreme Court, in United States v Batchelder (1979) 442 US 114, 60 L Ed 2d 755, 99 S Ct 2198, in which, reversing a contrary decision of the United States Court of Appeals for the Seventh Circuit, the court ruled that a criminal defendant convicted of violating 18 USCS § 922(h), which prohibits a previously convicted felon from receiving a firearm that has traveled in interstate commerce, may be sentenced under 18 USCS § 924(a), providing for a maximum term of 5 years' imprisonment for a violation of § 922(h), regardless of the fact that his conduct also violates 18 USCS Appx § 1202(a), which prescribes a maximum of 2 years' imprisonment. Examining the statutory language and its legislative history, the court concluded that Congress had clearly intended to enact two independent gun control statutes, each fully enforceable on its own terms. As there was thus no ambiguity to be resolved, the court stated that it was error for the Court of Appeals below to have relied on the principle that ambiguities in criminal statutes must be resolved in favor of lenity.

---

**Consult POCKET PART in this volume for later case service**