IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOSE ANTONIO DIAZ | ) | |
| | ) | 05-256L |
| v. | ) | CR. No. ~~99-091L~~ |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**UNITED STATES' MOTION IN OBJECTION TO THE PETITIONER'S MOTION TO CORRECT OR MODIFY SENTENCE(s) PURSUANT TO 18 U.S.C. § 3742(a)(1),(2),(3),(4)**

Comes now the United States of America, by and through its undersigned attorney, and objects to the Petitioner's motion to correct or modify sentence(s) pursuant to 18 U.S.C. § 3742(a)(1), (2),(3),(4) as explained in the accompanying memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

GERARD B. SULLIVAN
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on this 30th of June 2005, I served a copy of the within Motion Objecting to the Petitioner's Motion to Correct or Modify Sentence(s) Pursuant to 18 U.S.C. § 3742(a)(1),(2),(3),(4), with accompanying Memorandum of Law by mailing same, postage prepaid, to:

Jose Diaz
Federal Correctional Institution
Post Office Box 34550
Memphis, Tennessee 38184-0550

Paulette E. Lamache

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOSE ANTONIO DIAZ | ) | |
| | ) | |
| v. | ) | CR. No. 99-091L |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO THE PETITIONER'S MOTION TO CORRECT OR MODIFY SENTENCE(s) PURSUANT TO 18 U.S.C. § 3742(a)(1),(2),(3),(4)**

## I. INTRODUCTION

The Defendant, Jose Antonio Diaz ("Diaz"), filed this "Modification Review Motion" on May 9, 2005, essentially seeking resentencing on a variety of grounds including a Booker/Blakely claim, alleged constitutional violations and ineffective assistance of counsel. Diaz relies in error on 18 U.S.C. § 3742 to provide the Court with jurisdiction to hear his complaints. That statute only allows a defendant to file a notice of appeal in the District Court for review of a final sentence by the Court of Appeals. Diaz has already appealed his final sentence and that appeal was denied.

The United States maintains that Diaz has not identified any jurisdictional basis for the Court to hear his motion and has failed to state a claim upon which relief can be granted. Because Diaz has already appealed his final sentence, and that

appeal was denied, this Court lacks jurisdiction over the defendant's case.[1]

## II. <u>TRAVEL</u>

On January 12, 2000, Diaz entered into a plea agreement with the United States. Diaz agreed to plead guilty to conspiracy to commit bank robbery, armed bank robbery, using a firearm during a crime of violence, and being a felon in possession of a firearm. On April 27, 2000, Diaz received a sentence of 262 months.

On June 19, 2000, Diaz filed a notice of appeal. Diaz argued that the government breached its plea agreement with him by failing to recommend that he receive a three level reduction for acceptance of responsibility. Diaz lost his appeal. In an unpublished decision from the United States Court of Appeals for the First Circuit the sentence imposed by the District Court was affirmed. <u>U.S. v. Diaz</u>, WL 1453912 (1st Cir. Nov. 16, 2001).

Finally, Diaz filed a motion pursuant to 28 U.S.C. § 2255 on November 15, 2002. Diaz claimed that he received ineffective assistance from his trial counsel and his appellate attorney. Diaz's motion was denied by the District Court on July 11, 2003, because he had failed to identify any error or establish any

---

[1] In his request for relief Diaz uses language typical of motions filed under 28 U.S.C. § 2255. Diaz has also previously filed under § 2255 and this motion would constitute a second or subsequent § 2255 filing. If Diaz meant to file a second § 2255 motion, the motion must be certified by the court of appeals prior to review.

prejudice on any of his claims of ineffective assistance of counsel.

## III. ARGUMENT

It is not necessary to address Diaz's individual claims of error in sentencing because this Court lacks jurisdiction to hear them. Even if the issues were properly before this Court, most of Diaz's complaints are based on United States v. Booker, 125 S.Ct. 738 (2005), and Booker is not retroactively applicable. Cirolo-Munoz v. United States, 404 F.3d 527 (1st Cir. 2005).

**IV. CONCLUSION**

The United States requests that the motion be denied and dismissed.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

GERARD B. SULLIVAN
Assistant U.S. Attorney

Nicholas Schieffelin
Law Intern

CERTIFICATE OF SERVICE

I hereby certify that on this 30th of June 2005, I served a copy of the within Motion Objecting to the Petitioner's Motion to Correct or Modify Sentence(s) Pursuant to 18 U.S.C. § 3742(a)(1),(2),(3),(4), with accompanying Memorandum of Law by mailing same, postage prepaid, to:

Jose Diaz
Federal Correctional Institution
Post Office Box 34550
Memphis, Tennessee 38184-0550

Paulette E. Gamache