IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSE ANTONIO DIAZ

V.

UNITED STATES OF AMERICA

CASE NO. CR. NO. 99-091L
DOCKET NO. 05-256L

MEMORANDUM OF LAW IN SUPPORT TO THE PETITIONERS MOTION TO CORRECT OR MODIFY SENTENCE(s) Pursuant to 18 U.S.C. 3742(a)(1),(2),(3),(4) Fed. Rules Crim. P.

MOTION OF INTRODUCTION

The petitioner in the above caption comes in response to the United State's Attorney's Office Motion to prevent petitioner motion to correct or Modify Sentence(s) pursuant to 18 U.S.C. § 3742 (a)(1),(2),(3),(4) - To Amend to Federal Rules Criminal Proceedures (Rule 11 h), which becomes a Court Error which is harmful.

The petitioner was sentenced and convicted in this Honorable Court where as Double Jeopardy Issues were raised, and Ineffective Assistance of Counsel, Enhancement's, USSG, Breach of Agreement, Gun Bump Laws as well as other issues to show cause and proof of Law, which remains Unconstitutionally.

The petitioner argues that U.S. v. Booker, 125 S.Ct. 738 2005 became retroactive, under the Sentencing Reform act of 1984. Where as this act remained in Limbo from 1984-1987.

On November, 1st, 1987, the Sentencing Reform Act was to become part of the United States Sentencing Guidelines. Thus clearly show's that Booker Supra is Retroactive, and does apply.

Now the petitioner comes forth with new information, not available to him at the time the petitioner was sentenced and convicted. Under Cirolo-Munoz v United States, 404 F.3d 527 (1st Cir. 2005). Where as in this case it was held that counsel provided ineffective assistance by not making attack on official victim sentencing enhancement on direct appeal. Thus case was Vacated and Remanded. Such in this case of the petitioner, which the petitioner did raise upon his original 2255 Motion, 18 U.S.C § 3742 (a)(1), (2), (3), (4) Motion, and now under Federal (Rules 11(h) (Court Error) Rules Criminal Proceedures clearly gives jurisdiction back to the sentencing court to Correct or modify a sentence. However the petitioner is willing to proceed further. Ref: Cirolo-Munoz Supra. Key 100(1) whereas the petitioner is only implication is the fundamental Fairness.

[Furthermore. Cirolo-Munoz case had to do with a murder of a police officer/official on or off duty.]

[Where as nobody was injuried in the robbery being armed by the petitioner.]

We are not here to confuse this Court on the above two issues - or the differancility of both. As in Cirolo-Munoz case Blakely v Washington ___ U.S. ___, 124 S. Ct. 2531, 159 L. Ed. 2d. 403 (2004) and United States v Booker ___ U.S. ___, 125 S.Ct. 738, 160 L. Ed. 2d. 621 (2005) did apply. And should also apply to the petitioner.

In Conclusion: The petitioner prays this Court becomes Fair and just to avoid the obstruction of justice under prejudice.

and to avoid a Miscarriage of Justice.

There is a huge difference between a Cold Hearted Killer that was not proven in the Cirilo-MUNOZ v U.S. case, than one who did not want anyone to be hurt in the process of being robbed, where as the petitioner moreso fits the other than more so than in Cirilo-Munoz case.

Petitioner using the "Cirilo-Munoz case" - version of the error under Blakely was the enhancement finding was made by the Judge on a plea Agreement, where as the Judge abused his discretion by going above the guidelines at sentencing. Thus violated the petitioner's Sixth Amendment Right to a Fair Trial.

Petitioner prays that this Court Honor's the 3742(a)(1) Relief Motion, to Modify or Correct a Sentence under Rule 11(h) Federal Rules Criminal Procedures.

Respectfully Submitted

José A Diaz

JOSE A. DIAZ #04772-070
Federal Correctional Institution
P.O. Box 34550
Memphis, TN. 38184-0550

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

---

JOSE ANTONIO DIAZ,

V.

UNITED STATES OF AMERICA

CASE NO: CR NO. 99-091L

DOCKET NO: ______________

RESPONSE MOTION TO THE PROSECUTION MOTION IN OBJECTION TO CORRECT OR MODIFY SENTENCE(s), PURSUANT TO RULE 11(h) F. R. CRIM. P.

---

PETITIONERS MOTION TO OBJECTION TO UNITED STATES MOTION TO NOT CORRECT OR MODIFY SENTENCES PURSUANT TO CIROLO-MUNOZ V UNITED STATES, 404 F.3d 527 (1ST CIR. 2005).

Now comes the petitioner in the above caption, to Respond to the United States Motion to attempt not to correct or to Modify Sentences, dated June 30th, 2005 pursuant to 18 U.S.C. § 3742 (a) (1), (2), (3), (4) as explained in the accompanying memorandum.

Respectfully Submitted

By Pro Se Litigant: Jose A Diaz
JOSE ANTONIO DIAZ #04772-070

FILED